UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No. 7:21-cv-205

| | |
|---|---|
| EDGAR SANTOS CARDENAS individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Eternal Sunshine Café, LLC and Michael Pellegrino,<br><br>Defendants. | **JURY TRIAL DEMANDED**<br>**COLLECTIVE ACTION COMPLAINT** |

COMES NOW Plaintiff, Edgar Santos Cardenas ("Plaintiff"), on behalf of himself and all others similarly situated, by and through undersigned counsel, and files this Complaint as follows:

Plaintiff brings this action, on behalf of himself as lead collective action representative and others similarly situated, to recover unpaid wages, compensatory damages, liquidated damages, and attorneys' fees from Defendants, Eternal Sunshine Café LLC of Wilmington, Inc. and Michael Pellegrino for violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 et seq., the North Carolina Wage and Hour Act (hereinafter "NCWHA"), N.C.G.S. § 95-2.1 et seq.

## NATURE OF ACTION

1. Plaintiff alleges on behalf of himself and all others similarly situated and former non-exempt hourly employees of Defendants, who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b) (the "Collective Action Members") that

Defendants violated the FLSA by failing to pay minimum wage and overtime compensation in violation of the FLSA, 29 U.S.C. §§ 201 et seq., specifically 29 U.S.C. §§ 207, 216(b).

## THE PARTIES

2. Plaintiff Edgar Santos Cardenas is an adult individual who is a resident of New Hanover County, North Carolina, and worked as an hourly employee for Eternal Sunshine Café LLC as a Baker.

3. In the fall of 2019, Defendant opened a second location in the Leland, North Carolina. Plaintiff Edgar Santos Cardenas was moved from the location at Eastwood Road in Wilmington to work at the new location. Upon information and belief, Defendant moved Edgar to the new restaurant, knowing he would have to work in excess of 40 hours a week.

4. Defendant Eternal Sunshine Café LLC is owned and operated by Defendant Michael Pellegrino. Upon information and belief, Mr. Pellegrino allocated compensation to employees, made wage payment decisions, set policies and practices regarding employee pay and made, and continues to make, hiring and firing decisions for Eternal Sunshine café LLC.

5. Defendant told Plaintiff that he had changed his pay structure from hourly to a salary of less than $680.00 dollars per week and advised Edgar notwithstanding the fact his job duties remained the same, he was now a salaried employee and was no longer eligible for overtime. Based upon such information and belief Plaintiff alleges that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

6. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos, and/or partners of each of the other

Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director, and/or managing agent, principal, and/or employer, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

7. Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff and the Collective Action Members to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

8. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff and the Collective Action Members.

9. Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the lost wages alleged in this Complaint.

10. Plaintiff is further informed and believes and based upon such information and belief alleges that Mr. Pellegrino made all decisions regarding pay policies. As the employer, Mr.

Pellegrino had a legal duty to keep track of employee's hours. Therefore, it is not a defense that he did not know the Plaintiff was working overtime. Mr. Pellegrino exerted financial and operative control over Eternal Sunshine Café LLC and is therefore individually liable under the FLSA and the NCWHA.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA. 29 U.S.C. § 201 et. seq.

12. Defendants' principal place of business as registered with the North Carolina Secretary of State is listed as, 420 Eastwood Rd, #109, in Wilmington, North Carolina 28403 and is situated in this District.

13. The claims for violations of the NCWHA and UDTPA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim. Plaintiff's remaining claims are based on the common law of North Carolina.

14. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

15. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)

of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

19. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

20. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

21. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## STATEMENT OF FACTS

22. Defendant Michael Pellegrino owns and operates Eternal Sunshine Café which serves breakfast food to patrons in Wilmington, North Carolina.

23. Defendants employ general laborers, who are non-exempt employees and are paid an hourly rate.

24. Plaintiff was employed by Defendants as a hourly employee in Wilmington, North Carolina. His job duties were baker and food preparation.

25. Plaintiff and other similarly situated employees performed similar job duties and were compensated pursuant to centralized pay policies and were subjected to similar pay practices while employed as hourly employees for Defendant and are "employees" subject to the protections of the FLSA 29 U.S.C. §§ 203(e) & 207(a).

26. Throughout the duration of his employment with the Defendant, Plaintiff received paychecks from Defendants that did not properly record or compensate him for all the hours that he worked.

27. Defendants willfully and wantonly failed to pay Plaintiff the required statutory overtime pay for every hour worked over forty (40) hours per week.

28. Plaintiff's paystubs did not reflect every hour worked. Defendants failed to pay Plaintiff the required statutory minimum wage for every hour worked.

29. Defendants' policies and practices with respect to the payment of hourly wages earned, were a breach of its promises to employees, violated the wage provisions of the FLSA and NCWHA, and deprived Plaintiffs of the lawful wages to which he was entitled.

30. At all relevant times, Defendants knew that Plaintiff was not being paid minimum wage for every hour worked, thereby willfully violating the FLSA and NCWHA.

31. Defendants benefitted from their unlawful failure to pay Plaintiff minimum wages to which Plaintiff was entitled, because Defendants reaped more profit from the deceptive scheme.

## COLLECTIVE ACTION ALLEGATIONS

32. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

33. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his First Count on behalf of himself, individually, and all other similarly situated employees who work or have worked for Defendants as non-exempt hourly employees, who were not paid minimum wage and/or overtime premium for all hours worked exceeding 40 per week during the period of November 23, 2018, to the filing of this Complaint in this action, who elect to opt-in to this action ("Opt-in Plaintiffs).

34. The FLSA § 216(b) collective action class is properly defined as: All current and former employees of Defendants, nationwide, who work or have worked for Defendants as a non-exempt hourly employee, who were not paid minimum wage and/or overtime premium for all hours worked exceeding 40 per week during the period of November 23, 2018, to the filing of this Complaint in this action.

35. Consistent with Defendants' policy and pattern or practice, Plaintiff has not been paid overtime wages earned for all hours worked and Plaintiff and Opt-in Plaintiffs have not been paid premium overtime compensation for all hours worked beyond 40 per workweek.

36. All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

37. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs.

38. The statute of limitations for unpaid overtime compensation is two years. However, 29 USCS § 255(a) asserts a three year statute of limitations for unpaid overtime compensation if the cause of action arose out of a willful violation. Here, the Defendant

purposefully transitioned Plaintiff to "salary" employee to avoid paying overtime. Defendant changed his pay structure from hourly to a salary of less than $680.00 dollars per week to avoid paying overtime and advised Plaintiff, notwithstanding the fact his job duties remained the same, and told plaintiff that he was now a salaried employee and was no longer eligible for overtime. Taken together these facts show Defendant's failure to pay overtime was willful and the three year statute of limitation should apply to this action.

39. Defendants' unlawful conduct has been widespread, repeated, and consistent.

40. Upon information and belief There are many similarly situated current and former hourly employees of Defendants' who have been denied minimum wages and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

41. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

42. Plaintiff requests that he be permitted to serve as a representative of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## COUNT I
**(Violation of Fair Labor Standards Act – Failure to Pay Minimum Wage and Overtime)**
**(Collective Action)**

43. Plaintiff reasserts the allegations set forth in the above paragraphs.

44. Count I arises from Defendants' violation of the FLSA, for their failure to pay at least minimum wage and overtime compensation for all hours worked exceeding 40 per week.

45. Defendants violated the FLSA by not paying Plaintiffs and all similarly situated employees and former employees for every hour that he or she worked including overtime.

46. Defendants acted willfully and with reckless disregard for Plaintiff's rights under the FLSA.

47. As a result of Defendants' willful and reckless actions, Plaintiff and all others similarly situated are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

48. Plaintiff and all others similarly situated are entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Violations of North Carolina Wage and Hour Act - Overtime)

49. Plaintiff reasserts the allegations set forth in the above paragraphs.

50. Count II arises from Defendants' policy and practice of suffering or permitting Plaintiff and others similarly situated to work in excess of forty hours per week without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13.

51. Defendants violated these statutes by failing to pay Plaintiff and all similarly situated hourly employees and former employees overtime compensation for hours worked in excess of forty hours each week they worked.

52. Plaintiff and all others similarly situated were entitled to all the rights and protections of the NCWHA and Defendant's failure to pay Plaintiff's overtime was in violation of the NCWHA.

53. Defendants willfully and with reckless disregard violated Plaintiff's and other similarly situated employees' and former employee's rights under the NCWHA.

54. As a result of Defendants' willful action, Plaintiffs and similarly situated employees and former employees are entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22.

55. Plaintiffs and all similarly situated employees and former employees are entitled to recover attorneys' fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all similarly situated employees and former employees demand and pray for:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and all similarly situated employees and former employees and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to the NCWHA finding Defendants liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

c) An Order awarding compensatory damages in an amount to be proven at trial;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

**JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury for all issues of fact.

Respectfully submitted this the 23rd day of November, 2021.

        CROSSLEY McINTOSH COLLIER HANLEY & EDES, PLLC

        By:   /s/Andrew Hanley
            Andrew Hanley
            NC State Bar No.: 23738
            Nathanial Ulmer
            NC State Bar No.: 51794
            5002 Randall Parkway
            Wilmington, NC 28403
            Telephone: (910) 762-9711
            Facsimile: (910) 256-0310