EDGAR SANTOS CARDENAS, )
)
      Plaintiff, )
)
v. )  **ORDER**
)
ETERNAL SUNSHINE CAFÉ, LLC, )
and MICHAEL PELLEGRINO, )
)
      Defendants. )

On November 23, 2021, Edgar Santos Cardenas ("plaintiff" or "Cardenas"), individually and on behalf of all others similarly situated, filed suit in this court against Eternal Sunshine Café, LLC ("Café") and Michael Pellegrino ("Pellegrino") (collectively "defendants") arising from a wage dispute between Cardenas (a former baker at the Café) and Pellegrino (the Café owner). See [D.E. 1]. On January 31, 2022, defendants moved to dismiss the complaint [D.E. 9] and filed a memorandum in support [D.E. 10]. On February 16, 2022, Cardenas filed an amended complaint [D.E. 11]. On May 2, 2022, in light of the amended complaint, the court denied as moot defendants' motion to dismiss the complaint [D.E. 26].

In Cardenas's amended complaint, he alleges (1) a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., for failure to pay minimum wage and overtime and (2) a violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-2.1 et seq., for failure to pay overtime. See [D.E. 11]. On March 10, 2022, Cardenas moved for collective action certification. See [D.E. 18]. On April 21, 2022, defendants filed a memorandum in opposition to collective action certification [D.E. 22] and an amendment to the memorandum [D.E. 23]. On April 27, 2022, defendants moved for judgment on the pleadings based on res judicata

arising from an action and judgment between the parties in New Hanover County Superior Court [D.E. 24] and filed a memorandum in support [D.E. 25]. On May 18, 2022, Cardenas responded in opposition [D.E. 27]. On May 25, 2022, defendants replied [D.E. 28]. As explained below, res judicata bars Cardenas's action. Thus, the court grants defendants' motion for judgment on the pleadings and dismisses as moot Cardenas's motion for collective action certification.

I.

On October 20, 2020, the Café filed an action in New Hanover County Superior Court against Cardenas and two other defendants for: (1) computer trespass; (2) misappropriation of trade secrets; (3) a declaratory judgment under the North Carolina Declaratory Judgment Act; (4) punitive damages; (5) civil conspiracy; and (6) breach of contract. See [D.E. 19-1]. On December 21, 2020, Cardenas answered. See [D.E. 19-2].

On January 26, 2021, Cardenas filed an action in New Hanover County Superior Court against Pellegrino and the Café for violations of the NCWHA and the North Carolina Retaliatory Employment Discrimination Act ("REDA"). See [D.E. 19-5]. The two civil actions were consolidated in New Hanover County Superior Court. See [D.E. 19-6].

The parties litigated the consolidated action to a final judgment on the merits. See [D.E. 19-7]. Specifically, on November 24, 2021, after a jury trial, the state court directed a verdict in favor of Pellegrino and the Café on Cardenas's claims and counterclaims. See id. at 2. The court noted that "Cardenas declined to present any issues pertaining to any claim then pending in 21-CVS-290 under the [NCWHA] (incorrectly identified as the Fair Labor Standards Act), and therefore that claim was abandoned and dismissed on directed verdict with [Cardenas's] REDA claims." Id. In addition, the court noted that the jury returned a verdict in favor of the Café and against Cardenas on the computer trespass claim and awarded $2,000.00 in damages, on the trade-secret

2

misappropriation claim and awarded $9,000.00 in damages, on the civil conspiracy claim, and on the breach of contract claim and awarded $38,000.00 in damages. Id. at 3–4. In addition, the jury awarded the Café $6,000 in punitive damages against Cardenas. Id. at 5. The court awarded the Café costs of $3534.80 and attorneys' fees of $43,076.00. Id. at 6–9. The court also found Cardenas's REDA claim to be frivolous. See id. at 11. No party appealed the state-court judgment, and it is final.

On November 23, 2021, Cardenas filed suit in this court against Pellegrino and the Café arising from the same transaction or occurrence at issue between Cardenas and Pellegrino and the Café in the state-court action. See [D.E. 1]. On February 16, 2022, Cardenas filed an amended complaint. See [D.E. 11]. On March 10, 2022, Cardenas moved for collective action certification. See [D.E. 18]. On April 27, 2022, defendants moved for judgment on the pleadings. See [D.E. 24].

II.

Defendants request judgment on the pleadings and argue that res judicata bars Cardenas's NCWHA and FLSA claims in this action. A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings should be granted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." Park Univ. Enters. v. Am. Cas. Co. of Reading, 442 F.3d 1239, 1244 (10th Cir. 2006) (quotation omitted), abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co., 545 F. App'x 750 (10th Cir. 2013) (unpublished); see Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012); Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002).

The same standard applies to a motion for judgment on the pleadings as to a motion to

dismiss for failure to state a claim. See Burbach Broad. Co., 278 F.3d at 405–06. When a court evaluates a motion for judgment on the pleadings, it must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 347, 352–53 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155, 135 (2015); Burbach Broad. Co., 278 F.3d at 406. A court must determine whether a pleading is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–70 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. Moreover, a court need not accept a pleading's legal conclusions drawn from the facts. Iqbal, 556 U.S. at 678–79; Giarratano, 521 F.3d at 302. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted).

In evaluating a motion for judgment on the pleadings, the court may consider the pleadings and any materials referenced in or attached to the pleadings, which are incorporated by reference. See Fed. R. Civ. P. 10(c); Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). A court also may consider "matters of which a court may take judicial notice," such as public records. Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007).[1] In addition, a court may consider documents attached to a motion for judgment on the pleadings so long as those documents are "integral to the complaint" and authentic. Philips v. Pitt Cnty. Mem'l Hosp., 572

---

[1] The parties agree that the court should take judicial notice of the consolidated state-court action. See [D.E. 25] 2 and [D.E. 27] 1–2.

4

F.3d 176, 180 (4th Cir. 2009); see Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018). However, the "[d]efendant cannot rely on allegations of fact contained only in the answer, including affirmative defenses, which contradict the complaint because [p]laintiff was not required to reply to defendants' answer, and all allegations in the answer are deemed denied." Mendenhall v. Hanesbrands, Inc., 856 F. Supp. 2d 717, 724 (M.D.N.C. 2012) (alterations and quotations omitted); see Fed. R. Civ. P. 8(b)(6).

Under the doctrine of res judicata, also known as claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Pueschel v. United States, 369 F.3d 345, 354–55 (4th Cir. 2004); see Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161–62 (4th Cir. 2008); Parks v. Petsmart, No. 5:13-CV-777, 2014 WL 11996387, at *2 (E.D.N.C. Feb. 12, 2014) (unpublished), aff'd, 577 F. App'x 210 (4th Cir. 2014) (per curiam) (unpublished). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005); Laurel Sand & Gravel, Inc., 519 F.3d at 162 ("[T]he preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered."); Njau v. Harford Cty., No. 15-49, 2015 WL 7352215, at *8 (D. Md. Nov. 19, 2015) (unpublished). The parties agree that North Carolina law applies to the issue of res judicata. See [D.E. 25] 10; [D.E. 27] 4.[2]

---

[2] North Carolina's Rule of Civil Procedure 13 is substantially similar to and interpreted in accord with Federal Rule of Civil Procedure 13. See Turner v. Duke Univ., 325 N.C. 152, 164, 381

5

Under North Carolina law, the doctrine of res judicata bars parties from relitigating issues that the parties raised or could have raised in a prior action:

> Where a second action or proceeding is between the same parties as the first action or proceeding, the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined, but also as to all matters which could properly have been litigated and determined in the former action or proceeding.

King v. Neese, 233 N.C. 132, 136, 63 S.E.2d 123, 126 (1951); see Fickley v. Greystone Enters., Inc., 140 N.C. App. 258, 260, 536 S.E.2d 331, 333 (2000); Young v. Young, 21 N.C. App. 424, 425, 204 S.E.2d 711, 712 (1974). "The essential elements of res judicata are (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in the prior suit and the present suit, and (3) an identity of parties or their privies in both suits." Pate v. N.C. Dep't of Transp., 176 N.C. App. 530, 534–35, 626 S.E.2d 661, 665 (2006) (quotation omitted).

Under North Carolina law, "a counterclaim is compulsory if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fickley, 140 N.C. App. at 260, 536 S.E.2d at 333; see N.C. R. Civ. P. 13(a); Jonesboro United Methodist Church, 359 N.C. at 596–97, 614 S.E.2d at 270–71. "[A] party who does not plead a compulsory counterclaim is, after determination of the action in which it should have been pleaded, forever barred from bringing a later independent action on that claim." Jonesboro United Methodist Church, 359 N.C. at 596–97, 614 S.E.2d at 270. To determine whether a claim arises out of "the same transaction or occurrence as a prior claim," the court must consider "(1) whether the issues of fact and law are largely the same; (2) whether substantially the same evidence is involved in each action;

---

S.E.2d 706, 713 (1989); Sutton v. Duke, 277 N.C. 94, 99, 176 S.E.2d 161, 164 (1970); see also Jonesboro United Methodist Church v. Mullins-Sherman Architects, LLP, 359 N.C. 593, 597–98, 614 S.E.2d 268, 271–72 (2005).

6

and (3) whether there is a logical relationship between the two actions." Fickley, 140 N.C. App. at 260–61, 536 S.E.2d at 333 (quotation omitted).

As for Cardenas's NCWHA claim, in the state-court action, Cardenas raised and lost his NCWHA claim against the same defendants arising from the same transaction or occurrence in New Hanover County Superior Court. See [D.E. 19-5] 3–4 and [D.E. 19-7] 2–4. Indeed, in the state-court action, Cardenas declined to present any evidence concerning his NCWHA claim. See [D.E. 19-7] 14. Not surprisingly, the state court granted a directed verdict to the Café and Pellegrino and dismissed Cardenas's NCWHA claim, resulting in a final judgment on the merits against Cardenas. See id. at 2. Moreover, the parties in the state-court action are the same parties in this federal action. Compare [D.E. 19-6] with [D.E. 11]. Accordingly, res judicata bars Cardenas's NCWHA claim in this action. See, e.g., Nevada v. United States, 463 U.S. 110, 129–30 (1983); Rodriguez v. Doe, 549 F. App'x 141, 143 n.1 & 143–44 (4th Cir. 2013) (unpublished) (per curiam); Hanig v. City of Winner, S.D., 527 F.3d 674, 677 (8th Cir. 2018); King, 233 N.C. at 136, 63 S.E.2d at 126; Pate, 176 N.C. App. at 534–35, 626 S.E.2d at 665.

As for Cardenas's FLSA claim, Cardenas could have brought his FLSA claim in the state-court action. Indeed, Cardenas's FLSA claim was a compulsory counterclaim in that the FLSA claim arose out of "the same transaction or occurrence" as the claims that the Café was asserting against Cardenas. See N.C. R. Civ. P. 13(a). First, the issues of fact and law were largely the same and revolved around the employer-employee relationship between Cardenas and the Café, what Cardenas did while employed at the Café, what Cardenas was paid at the Café, and how much Cardenas worked at the Café. Compare [D.E. 19-5] and [D.E. 19-6] with [D.E. 19-7] and [D.E. 11]; see Fickley, 140 N.C. App. at 260–61, 536 S.E.2d at 333. Second, substantially the same evidence was involved. Compare [D.E. 19-7] with [D.E. 11]. Notably, the state court used employee salaries

7

and hours worked (including Cardenas's) to measure damages on the Cafe's successful trade-secret misappropriation claim against Cardenas. Compare [D.E. 19-7] 3–4 with [D.E. 19-9] 26–28; see Fickley, 140 N.C. App. at 260–61, 536 S.E.2d at 333. Third, there is a logical relationship between the action that the Café asserted against Cardenas and the action Cardenas asserted against the Café and Pellegrino. See Jonesboro United Methodist Church, 359 N.C. at 596–97, 614 S.E.2d at 271–73; Fickley, 140 N.C. App. at 260–61, 536 S.E.2d at 333.

The record demonstrates that this federal action is between the same parties as the state-court action. Compare [D.E. 19-7] and [D.E. 11]. Moreover, the state-court action was resolved by a judgment on the merits, and the judgment is final. See [D.E. 19-7]. Cardenas could have brought his FLSA claim in the state-court action. Accordingly, res judicata bars Cardenas's FLSA claim. See, e.g., Nevada, 463 U.S. at 129–30; Rodriguez, 549 F. App'x at 143–44; Hanig, 527 F.3d at 677; King, 233 N.C. at 136, 63 S.E.2d at 126; Pate, 176 N.C. App. at 534–45, 626 S.E.2d at 665. Thus, the court grants defendants' motion for judgment on the pleadings. In light of this conclusion, the court dismisses as moot Cardenas's motion for collective action certification.

III.

In sum, the court GRANTS defendants' motion for judgment on the pleadings [D.E. 24] and DISMISSES as moot plaintiff's motion for collective action certification [D.E. 18]. The clerk shall close the case.

SO ORDERED. This 3 day of February, 2023.

JAMES C. DEVER III
United States District Judge

8

Case 7:21-cv-00205-D   Document 31   Filed 02/03/23   Page 8 of 8